STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
ASHLEY M. TEESDALE – Bar No. 289919
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:     sgubner@bg.law
           jkomorsky@bg.law
           jbagdanov@bg.law
           ateesdale@bg.law

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bankr. Case No. 2:22-bk-16483-WB |
| METALLIC BLUE DEVELOPMENT LLC, | Chapter 7 |
| Debtor. | Adv. Case No. _____ |
| ALL CLAIMS RECOVERY GROUP LLC, a California limited liability company, | COMPLAINT |
| Plaintiff, | |
| v. | |
| WORLDWIDE PROPERTIES, INC.; MERCY FOK, an individual; and THE ONLY SOLUTION LLC, | |
| Defendants. | |

Plaintiff All Claims Recovery Group LLC ("Plaintiff"), in its own right and on behalf of the bankruptcy estate (the "Estate") of Metallic Blue Development LLC (the "Debtor"), complaining of defendants Worldwide Properties, Inc., Mercy Fok, an individual, and The Only Solution LLC (collectively, the "Defendants"), alleges as follows:

1

**NATURE OF ACTION**

1. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to the Defendants and related relief.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendants received transfers from the Debtor as detailed in the attached Exhibits 1 and 2 and described below (the "Transfers"). In exchange for the Transfers, the Defendants did not provide any benefit to the Debtor; to the extent that services were provided in exchange for these transfers, that the services benefitted a third party and not the Debtor. Therefore, Debtor did not receive reasonably equivalent consideration for the Transfers.

3. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 544, 547, and/or 548 and recovering the Transfers pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendants, including pursuant to 11 U.S.C. § 502(d), until Defendants pay the transfers at issue in full to the Plaintiff.

4. To the extent that any of the Defendants has filed a proof of claim or has a claim listed on Debtor's schedules as undisputed, liquidated and non-contingent, or has otherwise requested payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Estate's right to object to such Claims for any reason, including, but not limited to any grounds set forth in Sections 502(a) through (j) ("Section 502") of Title 11 of the United States Code (the "Bankruptcy Code"), and such rights are expressly reserved. Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by the Plaintiff herein as further stated below.

**STATEMENT OF JURISDICTION, VENUE AND PROCEEDINGS**

1. The Bankruptcy Court ("Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding arises out of the Debtor's bankruptcy case. The Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Trustee consents to the Court entering a final judgment in this proceeding.

**THE PARTIES**

4. Plaintiff All Claims Recovery Group LLC is a California limited liability company and is the designee of Blue Orchid Concepts LLC ("Blue Orchid"). As Blue Orchid's designee, and as described herein, Plaintiff has standing to prosecute any and all claims belonging to the bankruptcy estate of the Debtor by virtue of 11 U.S.C. § 541.

5. Defendant Worldwide Properties, Inc. ("Worldwide") is a California corporation formed on April 30, 1999 by Mercy K. Lee, with its principal place of business presently located at 638 Lindero Canyon Road, Suite 393, Oak Park Ca 91377.

6. Defendant Mercy Lee Fok ("Ms. Fok") is an individual who regularly conducts business in the Central District of California and at all relevant times was the Chief Executive Officer and Secretary of Worldwide.

7. Defendant The Only Solution LLC ("Solution") is a California limited liability company formed on or about February 22, 2008. Ms. Fok was listed as the initial agent for service of process. The statement of information filed with the California Secretary of State on January 20, 2022 lists Ms. Fok as the manager or member and the CEO of Solution. On that basis, the Plaintiff asserts that Ms. Fok owned and controlled Solution at most or all times relevant to this complaint, including the times when the Debtor made the Transfers.

8. The statement of information filed with the California Secretary of State on September 6, 2023, after the last of the Transfers were made, lists William S. Ho as the manager or member and the CEO of Solution. Mr. Ho is or was the member and/or manager of the Debtor.

9. Therefore, the Plaintiff asserts that Ms. Fok controlled Worldwide and Solution at all relevant times, and caused the transfer of funds to be made to Worldwide, caused services to be performed to Solution's benefit, and received the benefit of funds provided and services to Worldwide and Solution.

# GENERAL ALLEGATIONS

### A. Procedural Background

10. On November 28, 2022 (the "Petition Date"), a chapter 7 involuntary petition was filed against Metallic Blue Development LLC (the "Debtor") by Blue Orchid Concepts LLC or its designee ("Blue Orchid") and the other petitioning creditors John Gonda, Pauline Poon, Vijay A. Vakulabharanam, Satish Nair, Steve Ng, and Phoebe Ng.

11. On February 1, 2023, the order for relief ("Order for Relief") against the Debtor was entered, and on February 7, 2023, Timothy J. Yoo was duly appointed as chapter 7 trustee (the "Trustee"), in which capacity he continues to serve.

### B. Historical Background

12. The Debtor was formed in 2018 as a California limited liability company managed by Brian Dozier. The Debtor operated as a real estate investment and development company. Its business model was to manage the purchase, renovation or repositioning, and sale of real property in Southern California.

13. In total, the Debtor invested in or managed over 30 separate real estate projects. In a few instances the Debtor held title to the real property in its own name, but in most cases title was held in the name of a related or affiliated entity and the Debtor acted as manager or held some ownership interest in the title-holder.

14. To fund its business, the Debtor relied upon investors, which consisted primarily of several hundred "mom-and-pop" individuals who provided millions of dollars of funding to the Debtor by entering into standard template investment agreements that typically promised an approximate 15% return on investment within one year. Often these agreements promised profits from specific properties. Profits from various real estate projects were either paid out to investors or rolled forward into new projects. The Debtor's investor relations were managed by Scoutpads, LLC ("Scoutpads") from 2018 and onward.

15. Unbeknownst to Scoutpads, when the Debtor received these loans, as a matter of course it would promptly transfer the funds to other entities, use the funds to purchase properties or options to purchase properties in the name of entities that were not owned by the Debtor, or otherwise

disburse the funds without receiving reasonably equivalent value in return. In other words, the Debtor would accept funds from a lender and then immediately or shortly thereafter transfer the loan monies while retaining the debt obligation. As a result, the Debtor's liabilities exceeded its assets as a matter of course, as such the Debtor was insolvent at all times relevant to this Complaint.

16. Beginning in or around late 2021, the Debtor's pattern of funding projects and communicating regarding progress of such projects noticeably changed. In particular, the Debtor ceased communications with Scoutpads, which prevented Scoutpads from effectively communicating with the Debtor's investors on its behalf.

17. In mid-2022, the Debtor stopped responding to investor inquiries and requests for repayment on debts due and owing as well as requests for simple status updates on individual investments. In turn, Scoutpads received numerous complaints from investors regarding the Debtor's—specifically Brian Dozier's—complete and utter failure to communicate with investors.

18. The Debtor also stopped paying Scoutpads, and as of the Petition Date, Scoutpads was (and remains) owed over $3.5 million on account of investor relations work it performed for the Debtor.

19. During this time, multiple of the Debtor's investment properties had been foreclosed upon or had been involved in bankruptcy proceedings, but the Debtor had not advised any of the relevant investors of these material updates impacting their investments. Specifically, no less than four bankruptcy cases were commenced related to properties where the Debtor had an ownership interest or was acting as manager. The Debtor employed the same attorney in the majority of these bankruptcy cases, and appears to have filed these cases as tactics to delay the respective secured creditors' inevitable collection efforts, as follows:

- *In re Sashay Sand LLC,* 2:22-bk-14332-WB (C.D. Cal.) (dismissed with a 180-day bar to refiling)
- *In re Strategic Equity Investors, LLC,* 2:22-bk-14746-BB (C.D. Cal.) (dismissed voluntarily by debtor because creditor obtained relief from the automatic stay)
- *In re Coin Connect, LLC,* 2:22-bk-13208-NB (C.D. Cal.) (dismissed for debtor's failure to participate in bankruptcy case)

- *In re Thompson Falls, LLC,* 2:23-bk-11092-DS (C.D. Cal.) (dismissed for debtor's failure to appear at 341(a) hearing)

20. In fact, as of year-end 2022, the Debtor had a negative equity value of approximately $549,300.

21. Ultimately, an involuntary petition for bankruptcy relief was filed against the Debtor, with Blue Orchid—an affiliate of Scoutpads—acting as one of the petitioning creditors.

### C. **Plaintiff's Standing to Prosecute this Action**

22. After entry of the Order for Relief, the Trustee began his investigation into the business and financial affairs of the Debtor, and identified numerous recipients of potentially avoidable transfers of property belonging to the Debtor.

23. On June 14, 2024, the Court entered an order authorizing the Trustee to sell and assign any and all claims held by the Debtor's bankruptcy estate to Blue Orchid or its designee—which designee is All Claims Recovery Group, LLC. See Order Granting Chapter 7 Trustee's Motion for an Order Approving Sale and Settlement of Claims [Bk. Doc. 205] (the "Sale Order").

24. Accordingly, the Plaintiff has standing to pursue these claims for the ultimate benefit of the Debtor's estate, which estate is comprised of the numerous investors defrauded by the Debtor, among others.

### D. **Defendants' Relationship with the Debtor and Transfers Received**

25. Plaintiff is informed and believes, and based thereon alleges, that Worldwide and Ms. Fok performed construction services on various properties the Debtor advertised to its investors. Between December 6, 2018 and September 1, 2022, the Defendants received the Transfers from a bank account at Wells Fargo in the Debtor's name, account number ending in xxxxxx9844 (Debtor's Wells Fargo Account"), presumably as compensation for construction services performed.

26. Plaintiff is informed and believes, and based thereon alleges, that Ms. Fok received, or was the direct and intended beneficiary of, transfers from the Debtor totaling at least $9,000 as detailed in Exhibit 1, within 4 years of the Petition Date ("Fok Transfers").

6

27. Plaintiff is informed and believes, and based thereon alleges, that Worldwide received, or was the direct and intended beneficiary of, transfers from the Debtor totaling at least $684,586.27 as detailed in Exhibit 2, within 2 years of the Petition Date ("2 Year Transfers").

28. Plaintiff is further informed and believes, and based thereon alleges, that Worldwide received or was the direct and intended beneficiary of, additional transfers from the Debtor totaling at least $ $1,388,250.00 as detailed in Exhibit 2, between 2 and 4 years preceding the Petition Date ("4 Year Worldwide Transfers" and collectively with the 2 Year Worldwide Transfers, the "Worldwide Transfers"), bringing the total Worldwide Transfers to $2,072,836.27.

29. Solution was the owner of some of the properties that the Debtor advertised to its investors. The Debtor paid third parties for services that benefited Solution and/or made loan or mortgage payments for properties owned by Solution. Solution was the beneficiary of these services paid for and payments made by the Debtor (collectively, the "Solution Transfers," and together with the Worldwide Transfers and Fok Transfers, the "Transfers"), but did not provide value to the Debtor in exchange for the Solution Transfers. The Plaintiff seeks to recover the monetary value of the Solution Transfers by this Complaint in an amount according to proof at trial.

30. Ms. Fok is either a subsequent transferee of the Solution and Worldwide Transfers or the person for whose benefit the Solution and Worldwide Transfers were made.

31. Plaintiff is informed and believes, and based thereon alleges, that the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

32. Plaintiff is informed and believes, and based thereon alleges, that the construction services performed by Worldwide and/or Ms. Fok did not provide a benefit to the Debtor because the Debtor did not own or have a pecuniary interest in the property on which the construction services were performed. Several of the wire transfers evidencing the Worldwide Transfers reference properties owned by third parties and in which Debtor never had a recorded ownership interest.

33. To the extent that the Defendants or any person or entity on the Defendants' behalf performed construction or other services in exchange for the Transfers, those services were for the benefit of third parties and not for the Debtor.

///

7

## FIRST CLAIM FOR RELIEF

**For Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Against All Defendants**

**[11 U.S.C. §§ 544, 548 and California Civil Code §§ 3439.04(a)(1) and 3439.07]**

34. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date, the Debtor made the Transfers to Defendants, on the dates and in the amounts set forth herein and as may be further detailed and proven at trial, with the actual intent to delay, hinder or defraud the Debtor's creditors.

36. Plaintiff is further informed and believes and thereon alleges that during the two-year period immediately preceding the Petition Date, the Debtor made the 2 Year Transfers to Defendants, on the dates and in the amounts set forth herein and as may be further detailed and proven at trial, with the actual intent to delay, hinder or defraud the Debtor's creditors.

37. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544, 548 and/or Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

**For Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Against All Defendants**

**[11 U.S.C. §§ 544 and 548 and California Civil Code §§ 3439.04(a)(2) or and 3439.07]**

38. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

39. Plaintiff is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date Debtor made the Transfers listed herein to Defendants. Each of the Transfers made during the four-year period immediately preceding the Petition Date was made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when Debtor was insolvent or as a result of which Debtor became insolvent; or (ii) at a time that Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (iii)

at a time when Debtor intended to incur, or believed or should reasonably have believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

40. By virtue of the foregoing, the Plaintiff may avoid the Transfers as fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 548 and/or California Civil Code §§ 3439.04(a)(2) and 3439.07.

## THIRD CLAIM FOR RELIEF

**For Avoidance and Recovery of Preferential Transfers Against Defendants**

**[11 U.S.C. § 547]**

41. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

42. The Plantiff is informed and believes and based thereon alleges that, within the 90 days preceding the Petition Date, Worldwide received at least $1,700; in addition, Plaintiff asserts that some of the Solution Transfers occurred within the 90 days preceding the Petition Date (together, the "Preferential Transfers").

43. Each of the Preferential Transfers, constitutes a "transfer" within the meaning of 11 U.S.C. §101(54) of the Bankruptcy Code.

44. In the alternative, the Plaintiff alleges that the Preferential Transfers were made for the benefit of a creditor of the Debtor.

45. The Plaintiff alleges that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor before each of the Preferential Transfers were made.

46. The Plaintiff alleges that the Debtor made the Preferential Transfers while the Debtor was insolvent.

47. Pursuant to 11 U.S.C. §547(f) a debtor is presumed to be insolvent within the ninety days preceding the filing of a petition for relief.

48. The Plaintiff alleges that the Preferential Transfers were made within the ninety days preceding the Petition Date.

49. The Plaintiff alleges that as a result of the Preferential Transfers, the Defendants each received more than they would have received if: (i) the Bankruptcy Case was a case under chapter 7

of the Bankruptcy Code; (ii) the Preferential Transfers had not been made; and (iii) they received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

50. By virtue of the foregoing, the Plaintiff may avoid the Transfers as preferential transfers pursuant to 11 U.S.C. § 547.

## FOURTH CLAIM FOR RELIEF

### Recovery of Avoided Transfers Against Defendants

**[11 U.S.C. §§ 544, 550(a)(1) and (2) and California Civil Code § 3439.07]**

51. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

52. By reason of the foregoing, Plaintiff is entitled to recover for the benefit of the Estate the Transfers from Defendants pursuant to 11 U.S.C. §§ 544, 550(a), and/or California Civil Code § 3439.07.

## FIFTH CLAIM FOR RELIEF

### Claim Disallowance Against Defendants

**[11 U.S.C. § 502]**

53. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

54. Each of the Defendants is a transferee of transfers avoidable under Sections 544, 547, or 548 of the Bankruptcy Code and is an entity from whom property is recoverable under Section 550 of the Bankruptcy Code.

55. Each of the Defendants has not paid the amount of the transfers for which that Defendant is liable under Section 550 of the Bankruptcy Code.

56. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendants against the Debtor's Estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

57. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendants, and/or their assignee, against the Debtor's Estate previously allowed by the Debtor or the Trustee, must be

reconsidered and disallowed until such time as the Defendants pay to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment Against All Defendants

58.  Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

59.  On information and belief, the Debtor conferred a benefit on each of the Defendants by paying the Transfers and/or paying for services that ultimately benefited the Defendants.

60.  The Defendants have accepted or retained the benefits conferred upon them by the Debtor.

61.  Ms. Fok caused Worldwide and Solution to receive and retain the benefits conferred upon them by the Debtor and herself received benefits from these transfers as a result of her ownership and/or control of the Worldwide and Solution.

62.  Defendants' receipt and retention of the Transfers or the services is inequitable and unjust without paying the Debtor what is owed on account of those Transfers or services.

63.  Accordingly, the Defendants should pay the above sums, plus any additional amounts to be established at trial, to the Debtor for the benefits unjustly conferred to those Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.  On the First Claim for Relief, that the Transfers be avoided for the benefit of the Estate;

B.  On the Second Claim for Relief, that the Transfers be avoided for the benefit of the Estate;

C.  On the Third Claim for Relief, that the Preferential Transfers be avoided for the benefit of the Estate;

D.  On the Fourth Claim for Relief, to recover the value of the Preferential Transfers and/or the Transfers, from Defendants, for the benefit of the Estate, in the combined amount of

$2,072,836.27 plus additional amounts to be established at trial, plus interest at the maximum legal rate from the date of the Transfers, or such other amount as shall be shown by proof at trial;

  E. On the Fifth Claim for Relief, for disallowance of Defendants' Claims against the Debtor;

  F. On the Sixth Claim for Relief, for recovery of the benefits conferred, in an amount to be proved at trial, and in at least the amount of the Transfers, for the benefit of the Estate;

  G. As to All Claims for Relief, the Plaintiff reserves the right to amend according to proof at the time of trial, and seeks:

    i. Pre-judgment interest and post-judgment interest;

    ii. Punitive and exemplary damages for all claims for which such damages may be awarded under applicable law;

    iii. Reasonable attorneys' fees and costs permitted under applicable law; and

    iv. Such other and further relief as is just and proper.

DATED: January 31, 2025    BG LAW LLP

            By: /s/ Ashley M. Teesdale
              Jason B. Komorsky
              Jessica L. Bagdanov
              Ashley M. Teesdale
            Attorneys for All Claims Recovery Group LLC

# EXHIBIT 1

13

# Exhibit 1
## Transfers

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Check | $5,000.00 | 3/1/19 | Mercy Fok | 1089 |
| 9844 | Check | $4,000.00 | 11/20/19 | Mercy Lee Fok | 1730 |

| Transfer Totals | |
|---|---|
| **90-Day** | $0.00 |
| **1-Year** | $0.00 |
| **2-Year** | $0.00 |
| **4-Year** | $9,000.00 |

# EXHIBIT 2

## Exhibit 2
## Transfers

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Check | $5,000.00 | 12/6/18 | Worldwide Properties Inc. | 1047 |
| 9844 | Check | $25,000.00 | 2/15/19 | Worldwide Properties Inc. | 1198 |
| 9844 | Check | $25,000.00 | 2/21/19 | Worldwide Properties Inc. | 1100 |
| 9844 | Check | $5,000.00 | 3/5/19 | Worldwide Properties Inc. | 1082 |
| 9844 | Check | $10,000.00 | 3/5/19 | Worldwide Properties Inc. | 1083 |
| 9844 | Check | $17,500.00 | 3/29/19 | Worldwide Properties Inc. | 1239 |
| 9844 | Check | $25,000.00 | 4/5/19 | Worldwide Properties Inc. | 1248 |
| 9844 | Check | $15,000.00 | 4/10/19 | Worldwide Properties Inc. | 1258 |
| 9844 | Check | $5,000.00 | 5/3/19 | Worldwide Properties Inc. | 1305 |
| 9844 | Check | $30,000.00 | 5/29/19 | Worldwide Properties Inc. | 1352 |
| 9844 | Check | $5,000.00 | 6/7/19 | Worldwide Properties Inc. | 1376 |
| 9844 | Check | $50,000.00 | 7/3/19 | Worldwide Properties Inc. | 1440 |
| 9844 | Check | $11,000.00 | 7/9/19 | Worldwide Properties Inc. | 1418 |
| 9844 | Check | $7,500.00 | 7/9/19 | Worldwide Properties Inc. | 1419 |
| 9844 | Check | $15,000.00 | 8/20/19 | Worldwide Properties Inc. | 1517 |
| 9844 | Check | $11,000.00 | 9/4/19 | Worldwide Properties Inc. | 1588 |
| 9844 | Check | $15,000.00 | 9/4/19 | Worldwide Properties Inc. | 1590 |
| 9844 | Check | $3,500.00 | 9/26/19 | Worldwide Properties Inc. | 1637 |
| 9844 | Check | $20,000.00 | 10/7/19 | Worldwide Properties Inc. | 1672 |
| 9844 | Check | $11,000.00 | 10/30/19 | Worldwide Properties Inc. | 1559 |
| 9844 | Check | $11,000.00 | 11/26/19 | Worldwide Properties Inc. | 1759 |
| 9844 | Check | $5,500.00 | 12/2/19 | Worldwide Properties Inc. | 1779 |
| 9844 | Check | $11,500.00 | 12/5/19 | Worldwide Properties Inc. | 1279 |
| 9844 | Check | $4,750.00 | 12/5/19 | Worldwide Properties Inc. | 1281 |
| 9844 | Check | $25,000.00 | 12/16/19 | Worldwide Properties Inc. | 3004 |
| 9844 | Check | $15,000.00 | 12/20/19 | Worldwide Properties Inc. | 3028 |
| 9844 | Check | $20,000.00 | 12/23/19 | Worldwide Properties Inc. | 3032 |
| 9844 | Check | $11,000.00 | 1/7/20 | Worldwide Properties Inc. | 3023 |
| 9844 | Check | $35,000.00 | 1/17/2020 | Worldwide Properties Inc | 3046 |
| 9844 | Wire or ACH | $65,000.00 | 2/19/20 | Worldwide Properties Inc | N/A |
| 9844 | Check | $21,000.00 | 2/21/2020 | Worldwide Properties Inc | 3119 |
| 9844 | Check | $50,000.00 | 3/4/2020 | Worldwide Properties Inc | 3137 |
| 9844 | Check | $50,000.00 | 3/6/2020 | Worldwide Properties Inc | 3146 |
| 9844 | Check | $11,000.00 | 3/6/2020 | Worldwide Properties Inc | 3148 |
| 9844 | Check | $50,000.00 | 3/10/2020 | Worldwide Properties Inc | 3149 |
| 9844 | Check | $50,000.00 | 3/17/2020 | Worldwide Properties Inc | 3170 |
| 9844 | Check | $85,000.00 | 3/19/2020 | Worldwide Properties Inc | 3166 |
| 9844 | Wire or ACH | $30,000.00 | 3/26/20 | Worldwide Properties Inc | N/A |

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Wire or ACH | $11,000.00 | 4/6/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $25,000.00 | 4/13/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 5/8/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 5/27/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $25,000.00 | 6/17/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 6/22/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $25,000.00 | 6/22/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $15,000.00 | 6/24/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $25,000.00 | 7/3/20 | Worldwide Properties Inc | N/A |
| 9844 | Check | $11,000.00 | 7/23/2020 | Worldwide Properties Inc | 3287 |
| 9844 | Wire or ACH | $17,000.00 | 7/24/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 8/7/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $7,000.00 | 8/7/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 8/25/20 | Worldwide Properties Inc | N/A |
| 9844 | Check | $30,000.00 | 9/9/2020 | Worldwide Properties Inc | 3430 |
| 9844 | Wire or ACH | $18,000.00 | 9/10/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 9/16/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $40,000.00 | 10/7/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 10/14/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 10/15/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $22,000.00 | 10/23/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $20,000.00 | 11/18/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 11/23/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 11/25/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 11/25/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $40,000.00 | 12/4/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 12/8/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $10,000.00 | 12/14/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 12/22/20 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 2/5/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 2/5/21 | Worldwide Properties Inc | N/A |
| 9844 | Check | $11,000.00 | 2/8/2021 | Worldwide Properties Inc | 3595 |
| 9844 | Check | $20,000.00 | 2/8/2021 | Worldwide Properties Inc | 3597 |
| 9844 | Wire or ACH | $14,000.00 | 2/23/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 3/4/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 3/22/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $3,386.27 | 4/6/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $35,000.00 | 4/19/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $11,000.00 | 4/30/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 7/13/21 | Worldwide Properties Inc | N/A |

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Wire or ACH | $50,000.00 | 7/19/21 | Worldwide Properties Inc | N/A |
| 9844 | Check | $60,000.00 | 7/19/2021 | Worldwide Properties Inc | 3780 |
| 9844 | Wire or ACH | $30,000.00 | 7/27/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $40,300.00 | 7/30/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 8/6/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $30,000.00 | 8/9/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $20,000.00 | 8/16/21 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $75,000.00 | 2/22/22 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $8,000.00 | 5/13/22 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $13,000.00 | 5/18/22 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $8,000.00 | 5/26/22 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $2,200.00 | 6/3/22 | Worldwide Properties Inc | N/A |
| 9844 | Wire or ACH | $1,700.00 | 9/1/2022 | Worldwide Properties Inc | N/A |

| Transfer Totals | |
|---|---|
| 90-Day | $1,700.00 |
| 1-Year | $107,900.00 |
| 2-Year | $684,586.27 |
| 4-Year | $2,072,836.27 |